IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 09-00786-1 JSW |
| Plaintiff, | **ORDER TO SHOW CAUSE** |
| v. | |
| JOHNNY M. WILLIAMS, | |
| Defendant. | |

On March 11, 2010, a jury convicted Defendant Johnny M. Williams ("Williams") of one count of being a felon in possession of a firearm, in violation of 18 U.S.C. section 922(g). On June 3, 2010, the Court sentenced Williams to a term of 120 months imprisonment. Williams appealed his conviction and sentence, and the Ninth Circuit affirmed his conviction on September 16, 2011. *See United States v. Williams*, 450 Fed. Appx. 600, 2011 WL 4342648 (9th Cir. Sept. 16, 2011). Williams now moves to vacate his conviction and sentence pursuant to 28 U.S.C. section 2255. In support of his motion, Williams raises twenty-six claims for relief, all of which are premised on the general allegation that trial counsel was ineffective.

Pursuant to Section 2255,

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.
>
> Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.

Thus, a hearing is required "whenever the record does not affirmatively manifest the factual or legal invalidity of the [movant's] claims." *Baumann v. United States*, 692 F.2d 565, 571 (9th Cir. 1982) (citation omitted). "A hearing must be granted unless the movant's allegations, when viewed against the record, do not state a claim for relief or are so palpably incredible or patently frivolous as to warrant summary dismissal." *United States v. Schaflander*, 743 F.2d 714, 717 (9th Cir. 1984) (citations omitted).

The Court finds that a response from the Government is warranted. Williams has served a copy of the motion and all of its supporting papers on the United States. Accordingly, for the foregoing reasons and for good cause shown:

1. The United States shall file with the court and serve on Williams within 30 days of the date of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2255 Proceedings, showing cause why the Court should not "vacate, set aside or correct the sentence" being served by Williams.

2. If Williams wishes to respond to the answer, he shall do so by filing a reply with the court and serving it on the United States within 30 days of his receipt of the answer.

3. Any motions filed must be filed in accordance with the requirements of this Court's criminal standing orders and noticed for a hearing on an open and available date on this Court's criminal law and motion calendar.

**IT IS SO ORDERED.**

Dated: December 10, 2012

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE